Deaderick, J.,
delivered the opinion of the court.
*442 This is an action on a note of $400 due December 25, 1860, executed by defendant as surety of McBride. The statute of limitation of 6 years was relied upon as a defence to the action.
Payments were made by McBride, and endorsed on the note as follows: July 11, 1861, $100; November 35, 1863, $75; January 10, 1866, $50; March 15, 1866, $100. Suit was brought on the note against Wilson only, on December 30, 1872, before a justice of the peace of Weakley county, and judgment was rendered by him in favor of defendant. Plaintiffs appealed to the Circuit Court, and the parties there waiving the intervention of a jury, the matter in controversy was submitted to the court, and judgment was rendered in favor of the defendant from which plaintiffs appealed to this court.
For plaintiffs it is insisted that the judgment was erroneous, for two reasons:
First. That although the suit was not instituted until after the lapse of six years from the time it fell due, exclusive' of the time between May 6, 1861, and January, 1867, yet the note had been placed in the hands of an officer with instructions to bring suit before the same should be barred, and that defendant requested delay until he could write to McBride, the principal promising to take no advantage of the delay thus granted. Although there is some conflict in the testimony upon this point, we are of opinion that the weight of it is that the debt was barred by the statute of limitations of six years before the request to delay suit was made.
*443 Seeontl. It is next insisted that tbe several payments made before the bar of the statute attached, amounted to a recognition of the validity of the whole debt claimed or sued for, and a promise to pay it, or arrested the operation of the statute, up to the time of the last payment.
We do not understand that the fact of payment alone, without other acknowledgment or promise, amounts to anything more than an acknowledgement of indebtedness to the extent of such payment. And this we understand to be the rule, whether the bar of the statute be complete or otherwise at the time of such payment.
We are of opinion therefore, that there was no error in the judgment of the Circuit Judge, and affirm it.